IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 11-10110-EFM

JAMES L. SIMMONS, JR.,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant James L. Simmons, Jr.'s Motion to Reduce Sentence – First Step Act (Doc. 47). He seeks early release from prison due to the COVID-19 pandemic. Defendant is represented by counsel. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.     Factual and Procedural Background**

On October 5, 2011, Defendant pleaded guilty to five counts of interference with interstate commerce by threat or violence (robbery), in violation of 18 U.S.C. § 1951. On January 4, 2012, Defendant was sentenced to 188 months' imprisonment.

Defendant is 62 years old, and he is currently incarcerated at Springfield MCFP. There have been 300 positive cases in the facility in which Defendant is housed, and nine inmates have

died.[1] Currently, there are 27 active inmate cases, 22 active staff cases, and eight pending inmate tests. Defendant's projected release date is October 2, 2024.

On October 28, 2020, Defendant, represented by counsel, filed a motion seeking early release from prison due to the risk of contracting COVID-19. He states that due to his underlying health conditions of advanced kidney disease requiring dialysis, diabetes Type 2, obesity, hypertension, and previous kidney cancer, he is more susceptible to severe COVID-19 complications. On November 9, Defendant filed a supplement indicating that he has tested positive for COVID-19 and that a physician's assistant advised him that if his symptoms worsened, he would be transferred to a local hospital. Defendant requests a reduction to time served with the addition of a special two-year term of supervised release with a condition of home confinement, to be followed by a three-year term of supervised release.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited December 8, 2020).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.  Analysis

Defendant seeks early release based on the spread of COVID-19 in prison and the risk of severe illness or death due to his underlying medical conditions. The government asserts that Defendant is not an appropriate candidate for early release.

**A.  Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden on September 22, 2020. As of October 28, the date Defendant's motion was filed, Defendant had not received a response from the Warden. The government also admits that Defendant meets the exhaustion requirement. Thus, because more than 30 days have passed since Defendant's request, the Court will proceed to determine the merits of Defendant's motion.

**B.  Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of advanced kidney disease requiring dialysis, diabetes Type 2, obesity, hypertension, previous kidney cancer, and the contraction of COVID-19 constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).

Obesity, Type 2 diabetes, and chronic kidney disease, are listed by the Centers for Disease Control and Prevention ("CDC") as conditions that increase risk for severe illness from COVID-19.[7] Hypertension is also listed as a condition that may increase risk.[8] Defendant has also already contracted COVID-19.

---

[7] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 8, 2020).

[8] *Id.*

The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's multiple medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason. The government contends, however, that it does not appear that Defendant has had any significant complications as a result of contracting the virus, and it appears that Defendant's recovery is on the proper path. In addition, the government asserts that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted. The Court finds that these medical conditions, in tandem with the COVID-19 pandemic and Defendant's contraction of COVID-19, may present an extraordinary and compelling reason. Accordingly, the Court will move on to consider the 3553(a) factors.

**C.**  **Section 3553(a) Factors**

Finally, the Court considers whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[9] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[10]

Defendant pleaded guilty to the serious offense of five counts of Hobbs Act robbery between the dates of November 10, 2010 and May 24, 2011. The sentencing guideline range was 151 to 188 months based on Defendant's career offender status. The Court sentenced Defendant to 188 months.

---

[9] 18 U.S.C. § 3582(c)(1).

[10] 18 U.S.C. § 3553(a).

The factual basis for Defendant's plea involved robbery of a liquor store of approximately $400 by placing a person in fear of bodily injury if the employee did not comply, robbery of a coffee house of approximately $400 by placing a person in fear of bodily injury if the employee did not comply, robbery of a Quik Trip of approximately $175 by placing a person in fear of bodily injury if the employee did not comply, robbery of the Dollar General Store of approximately $84 by placing a person in fear of bodily injury if the employee did not comply, and robbery of a gas station of approximately $200 by placing a person in fear of bodily injury if the employee did not comply. In every offense, Defendant put an individual in fear of bodily injury if the individual did not comply with his request for money. In multiple instances, he informed the individuals that he had a firearm and would use it. These offenses occurred over a six-month time span from November 10, 2010 and May 24, 2011. At the time of these offenses, Defendant was on parole for several other robberies, and he had only been recently released from prison.

At this point, Defendant has served approximately nine years of his sentence and has four years remaining on his sentence with a good time credit. The Court remains convinced that 188 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. The Court finds that the 188-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 47) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE