## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

    vs.                                           Case No. 11-10110-EFM

JAMES L. SIMMONS, JR.,

       *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant James L. Simmons, Jr.'s Second Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 58).  He seeks early release from prison because he would no longer qualify as a career offender, and thus he has already served more than the currently applicable guideline range.  In addition, he asserts that his age and ongoing health issues are additional reasons warranting a reduction. The Government opposes Defendant's motion.  For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.      Factual and Procedural Background

On October 5, 2011, Defendant pleaded guilty to five counts of interference with interstate commerce by threat or violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1951.  On January 4, 2012, Defendant was sentenced to 188 months' imprisonment.  Defendant is 64 years old, and

he is currently incarcerated at Springfield MCFP.  Defendant's projected release date is October 2, 2024.

On October 28, 2020, Defendant, represented by counsel, filed a motion seeking early release from prison due to his medical conditions and the risk of contracting COVID-19.  On December 10, 2020, the Court denied Defendant's motion.  Although the Court found that Defendant's medical conditions, in tandem with the COVID-19 pandemic may present an extraordinary and compelling reason, it nevertheless determined that the factors enumerated in 18 U.S.C. § 3553(a) weighed against early release.

Defendant, again represented by counsel, is now before the Court again with a motion seeking early release.  In this motion, he asserts several reasons for compassionate release.  These include that he would no longer qualify as a career offender, as well as his age and health issues. The Government opposes Defendant's motion.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1]  It allows defendants to seek early release from prison provided certain conditions are met.  First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or; (2) 30

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2]  Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when ruling on a defendant's motion.[4]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5]  However, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[6]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[7]  If, however, the Court grants the motion, the Court must address all steps.[8]

---

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[5] *McGee*, 992 F.3d at 1042-43 (emphasis in original) (citations and internal quotation marks omitted).

[6] *Maumau*, 993 F.3d at 837 (citations omitted); *see also United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[7] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[8] *McGee*, 992 F.3d at 1043 (citation omitted).

### III.     Analysis

Defendant seeks early release based on the fact he would no longer be classified as a career offender, his age, and health issues.  The Government asserts that Defendant is not an appropriate candidate for early release.

### A.     Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden on August 9, 2022.  At the time Defendant filed his motion, he had not received a response from the Warden.  The Government also admits that Defendant meets the exhaustion requirement.  Thus, the Court will proceed to determine the merits of Defendant's motion.

### B.     Extraordinary and Compelling Reasons

Defendant asserts that the primary reason for reduction of his sentence is the disparity between the career-offender sentence he received and the lower sentence he would face now.  In 2011, Defendant pleaded guilty to five counts of Hobbs Act robbery under 18 U.S.C. § 1951.  Because of previous state robbery convictions, Defendant was classified as a career offender, and his guideline range was 151 to 188 months.  The Court sentenced him to 188 months' imprisonment.

Defendant, however, no longer qualifies as a career offender under the sentencing guidelines.  In 2017, the Tenth Circuit ruled that Hobbs Act robbery did not qualify as a crime of violence for purposes of the sentencing guidelines.[9]  In addition, Defendant's previous Kansas

---

[9] *United States v. O'Connor*, 874 F.3d 1147, 1158-59 (10th Cir. 2017).

state court convictions for robbery no longer qualify as crimes of violence.[10]   The government agrees that if Defendant was sentenced today, he would not be considered a career offender, and his guideline sentence would be 92 to 115 months' imprisonment.

The Court acknowledges that several cases from the Tenth Circuit provide that the combination of a no longer applicable sentencing framework and the "defendant's unique circumstances" may constitute an extraordinary and compelling reason for purposes of § 3582(c)(1)(A).[11]   However, the amendments to § 3582(c)(1)(A) did "not create an open season for resentencing."[12]   And in this case, neither the revised sentencing framework nor Defendant's circumstances provide him with an avenue for relief.

Defendant pleaded guilty to five Hobbs Act robberies and had several previous robberies on his record.  Each of the robberies involved placing an individual in fear of bodily injury if the individual did not comply.  The fact that the Tenth Circuit determined that a Hobbs Act robbery no longer qualifies as a crime of violence does not change the fact that Defendant's multiple robberies involved violence.  Furthermore, the Court finds that the revised sentencing guideline of 92 to 115 months' imprisonment understates the nature of his crimes.  Thus, the fact that Defendant would no longer qualify as a career offender under current law does not provide an extraordinary and compelling reason for release.

In addition, Defendant contends that his age, poor health, and ongoing medical issues constitute an extraordinary and compelling reason.  The Government concedes that Defendant is

---

[10] *See United States v. Nicholas*, 686 F. App'x 570, 575 (10th Cir. 2017) (finding that prior Kansas robbery convictions cannot serve as predicate offenses for career offender status).

[11] *McGee*, 992 F.3d at 1048; *Maumau*, 933 F.3d at 837

[12] *Hald*, 8 F.4th at 938, n. 4.

in a compromised state of health but asserts that prison records show Defendant is receiving proper care for his medical issues in prison.  The Court agrees.  In addition, the Court notes that Defendant had a variety of medical issues at the time of his sentencing.  Although Defendant is 64 years old and has some health issues, the Court concludes that these factors do not constitute an extraordinary and compelling reason.

In this case, the fact that Defendant no longer qualifies as a career offender due to Tenth Circuit case law, his age, and his compromised health do not constitute an extraordinary and compelling reason warranting a sentence reduction.  In addition, as discussed below, even if the Court found that Defendant presented an extraordinary and compelling reason, the Court's conclusion is bolstered by a consideration of the § 3553(a) sentencing factors and the circumstances of Defendant's crimes.

**C.      Section 3553(a) Factors**

Any reduction in sentence must be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[13]  Some of the relevant factors in this case include the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant.[14]

As noted in the Court's previous order on Defendant's first motion for compassionate release, Defendant pleaded guilty to the serious offense of five counts of Hobbs Act robbery between the dates of November 10, 2010, and May 24, 2011.  The factual basis for Defendant's

---

[13] *See* 18 U.S.C. § 3582(c)(1).

[14] 18 U.S.C. § 3553(a).

plea involved (1) robbery of a liquor store of approximately $400 by placing an individual in fear of bodily injury if the individual did not comply, (2) robbery of a coffee house of approximately $400 by placing an individual in fear of bodily injury if the individual did not comply, (3) robbery of a Quik Trip of approximately $175 by placing an individual in fear of bodily injury if the individual did not comply, (4) robbery of the Dollar General Store of approximately $84 by placing an individual in fear of bodily injury if the individual did not comply, and (5) robbery of a gas station of approximately $200 by placing an individual in fear of bodily injury if the individual did not comply.[15]   In every offense, Defendant put an individual in fear of bodily injury if the individual did not comply with his request for money.  In multiple instances, he informed the individuals that he had a firearm and would use it.  These offenses occurred over a six-month time span from November 10, 2010, and May 24, 2011.  Defendant also had numerous previous offenses.  And at the time of these offenses, Defendant was on parole for several other robberies, and he had only been recently released from prison.

Although Defendant has served approximately eleven years of his sentence, he still has two years remaining on his sentence with a good time credit.  Defendant has an extensive criminal history of violent offenses, and the Court remains convinced that 188 months is the appropriate sentence.  The Court acknowledges that Defendant's prison record only contains one disciplinary incident.  That incident, however, occurred within the last year for failing to obey an order.  Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.  Accordingly, the Court finds that the § 3553 factors do not weigh in favor of Defendant's early release from prison.

---

[15] Defendant was also charged with two other robberies, but he did not plead guilty to those offenses.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 58) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE